UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISON STIRM,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | No. 2:22-cv-01330-CKD<br><br><br>ORDER |

　　　Plaintiff Alison Stirm brings this action against the United States following a traffic accident that occurred on June 11, 2021, near Tracy, California, involving plaintiff on a bicycle and a U.S. Postal Service vehicle. Plaintiff seeks to recover under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq., for the alleged negligence of the driver of the U.S. Postal Service vehicle. After all parties consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c), this action was reassigned to the undersigned for all further proceedings and entry of final judgment. (ECF No. 9.)

　　　This case is set for a bench trial to begin on February 24, 2025. In advance of the trial, plaintiff and defendant each filed a motion in limine opposed by the other party. (ECF Nos. 43, 44, 49, 50.) The court heard argument on the motions at the pretrial conference on January 28, 2025. Attorneys John Thyken, Makena Kershaw, and Donald Magilligan appeared on behalf of plaintiff. Attorneys Alyson Berg and Brendon Hansen appeared on behalf of the United States.

1

**I.     Plaintiff's Motion in Limine**

Plaintiff moves to exclude the testimony of Dr. Rachel Delfanti, the United States' rebuttal expert, as untimely disclosed and prejudicial. (ECF No. 44.) Defendant responds that the disclosure of Dr. Delfanti as a supplemental\rebuttal witness was necessitated by the deposition testimony of plaintiff's non-retained expert, Dr. Snyder. (ECF No. 49.)

Under the parties' stipulation and the court's modified scheduling order, the deadline for disclosure of rebuttal experts was May 17, 2024. (ECF No. 23.) Dr. Snyder was deposed on December 11, 2024. (ECF No. 49 at 2.) Defendant disclosed Dr. Delfanti's supplemental\rebuttal expert report 11 days later. (Id. at 6.)

Accordingly, defendant's disclosure of Dr. Delfanti was untimely under Rule 26(a) of the Federal Rules of Civil Procedure, and the exclusionary sanction of Rule 37(c) applies unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1); Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001). Factors to guide the determination whether substantial justification and harmlessness exist may include the following: "(1) prejudice or surprise to the party against whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of disruption of trial; and (4) bad faith or willfulness in not timely disclosing the evidence." Liberty Ins. Corp. v. Brodeur, 41 F.4th 1185, 1192 (9th Cir. 2022). The burden is on the party facing exclusion of its expert's testimony to prove the delay was justified or harmless. Yeti, 259 F.3d at 1107.

Defendant argues the late disclosure of Dr. Delfanti was necessitated by deposition testimony given by Dr. Snyder, plaintiff's non-retained expert. Dr. Snyder was disclosed to testify about the techniques used to obtain the imaging of plaintiff's brain and interpretation of the brain MRIs. Defendant argues plaintiff "improperly converted" Dr. Snyder from a non-retained expert to a retained expert by eliciting from Dr. Snyder deposition testimony about causation for matters noted in the MRIs. However, plaintiff has agreed not to offer or elicit any testimony regarding causation from Dr. Snyder at trial. Defendant acknowledges this agreement but argues the deposition testimony has infected the opinions of plaintiff's retained experts, and particularly those of neurologist Dr. Lobatz, because Dr. Lobatz reviewed and considered Dr. Snyder's

1  deposition testimony.

2  The court disagrees that the late disclosure of Dr. Delfanti's is necessary or warranted to cure prejudice flowing from Dr. Snyder's deposition testimony on causation. The court reviewed the portions of the Dr. Lobatz's deposition transcript identified by defendant in support of this argument and the court finds no indication Dr. Snyder's deposition testimony on causation has been influenced the opinions of Dr. Lobatz.

3  At the bench trial of this matter, plaintiff cannot elicit causation opinions from Dr. Snyder that were not properly disclosed. See Fed. R. Civ. P. 37(c)(1). The parties agree plaintiff will not do so. Plaintiff's agreement not to elicit the causation testimony from Dr. Snyder is the correct remedy. E.g., Bess v. Cate, 422 F. App'x 569, 571-72 (9th Cir. 2011) (striking material that exceeded the scope of the expert's report). Defendant fails to show the untimely disclosure of Dr. Delfanti as a claimed rebuttal\supplemental expert is substantially justified because of Dr. Snyder's deposition testimony.

4  Defendant also does not show the late disclosure is harmless. The ability to depose a late disclosed witness does not negate all prejudice and harm. See Wong v. Regents of Univ. of California, 410 F.3d 1052, 1062 (9th Cir. 2005) ("Disruption to the schedule of the court and other parties… is not harmless."). Accordingly, the court will apply the "self-executing, automatic sanction" of Rule 37(c), Hoffman v. Constr. Protective Servs., Inc., 541 F.3d 1175, 1180 (9th Cir. 2008), as amended (Sept. 16, 2008), and grant plaintiff's motion in limine to exclude the untimely report and disclosure of Dr. Delfanti is granted.

    **II.    Defendant's Motion in Limine**

    Defendant moves to exclude evidence and testimony regarding plaintiff's lost future income. (ECF No. 43.) Defendant argues the calculation of plaintiff's claimed lost income in excess of $2 million dollars is impermissible speculation and based on assumptions. (Id. at 3.) Specifically, defendant seeks to exclude Dr. Rick Sarkisian, Ph.D.'s vocational rehabilitation testimony, Mr. Mills' economist testimony regarding lost future income, and all other evidence, testimony, and arguments regarding plaintiff's speculative lost future income as a Registered Nurse, Nurse Practitioner, or Physician's Assistant. (Id. at 6.)

3

Plaintiff opposes the motion, arguing whether plaintiff's loss of earning capacity is speculative is a fact issue that should be resolved at trial. (ECF No. 50 at 2.) Plaintiff argues the court should hear the lay testimony of plaintiff and the expert testimony of her doctors and vocational rehabilitation expert in order to assess whether she has sufficient support for her loss of earning capacity claim. (Id.)

At the hearing on this matter, defendant acknowledged the supporting cases for excluding the testimony all involve post-trial motions. Under the parties' estimates, the challenged vocational rehabilitation and economics evidence will not take a great deal of time compared to the length of the trial overall. Because this is a bench trial, a threshold ruling would be superfluous. See United States v. Heller, 551 F.3d 1108, 1112 (9th Cir. 2009) ("in the case of a bench trial, a threshold ruling is generally superfluous"). The court as fact-finder will evaluate all the testimony and determine whether plaintiff has met her burden. Any savings in time at trial is outweighed by the additional time that would be used to decide the issue before trial and by the loss of the court's ability to weigh the probative value of the evidence against the admissibility concerns and to consider evidence in the context of the trial. See Sperberg v. Goodyear Tire & Rubber Co., 519 F.2d 708, 712 (6th Cir. 1975) ("A better practice is to deal with questions of admissibility of evidence as they arise."). Accordingly, defendant's motion in limine to exclude the vocational rehabilitation testimony of Dr. Rick Sarkisian, Ph.D., and economist testimony of Mr. Mills is denied without prejudice.

### III. Proposed Form of Judgment \ Findings and Conclusions

As set forth in the separately filed final pretrial order, the court will require the parties to submit their proposed judgment in the form of proposed Findings of Fact and Conclusions of Law. Thus, as for the issues that the court will decide, no later than ten days before the trial, counsel for plaintiff shall submit the Findings of Fact and Conclusions of Law that plaintiff proposes be entered at the conclusion of the trial pursuant to Federal Rule of Civil Procedure 52 and Local Rule 290. No later than five days before the trial, counsel for defendant shall submit the Findings of Fact and Conclusions of Law that defendant proposes be entered. These shall be

filed on the docket and emailed as a Word Document to ckdorders@caed.uscourts.gov.[1]

## IV.  Order

For the reasons set forth above, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion in limine (ECF No. 44) is GRANTED as set forth above.
2. Defendant's motion in limine (ECF No. 43) is DENIED without prejudice as set forth above.
3. No later than ten days before the trial, plaintiff's counsel shall file and email the Findings of Fact and Conclusions of Law that plaintiff proposes be entered at the conclusion of the trial pursuant to Federal Rule of Civil Procedure 52 and Local Rule 290.
4. No later than five days before the trial, defendant's counsel shall file and email the Findings of Fact and Conclusions of Law that defendant proposes be entered.

Dated: January 31, 2025

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8, Stirm22cv1330.MiL

---

[1] Because both parties will submit their own proposed findings and conclusions, neither party need file and serve a notice of disapproval as to the opposing party's findings and conclusions, as discussed in Local Rule 290(c).